# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**STANLEY KELVIN COLEMAN**                                                   **PLAINTIFF**

**VS.**                                                        **CIVIL ACTION NO. 2:11cv233-KS-MTP**

**DEBRA PLATT**, **ET AL.**                                                              **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the Defendants' Motion for Summary Judgment [34]. Having reviewed the submissions of the parties and the applicable law, the undersigned recommends that the motion be granted and that this action be dismissed with prejudice.

## FACTUAL BACKGROUND

Plaintiff Stanley K. Coleman, proceeding *pro se* and *in forma pauperis,* filed his complaint pursuant to 42 U.S.C. § 1983 on or about November 21, 2011. In his complaint and amended complaint, and as clarified by his testimony at the *Spears*[1] hearing, Plaintiff alleges claims against Byron Breland for cruel and unusual punishment and retaliation, and claims against Debra Platt, David Petrie, and Ron King for due process violations. *See* Omnibus Order [25]. Plaintiff's claims occurred while he was a post-conviction inmate at the South Mississippi Correctional Institution ("SMCI"), where he is currently incarcerated. Plaintiff asks that the Rule Violation Reports (RVRs) referenced herein be expunged from his record and seeks compensatory, nominal, and punitive damages.

Defendants filed their Motion for Summary Judgment [34] on August 15, 2012. Plaintiff

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

filed his Response [47] to the motion on November 1, 2012.[2]

STANDARD

This court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, the Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the Defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *John*, 757 F.2d at 708, 712.

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990), the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), or unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), are not enough to create a real controversy regarding material facts. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis

---

[2]In his Response [47], Plaintiff seeks a continuance of this matter and seeks leave to conduct additional discovery. For the reasons addressed elsewhere in this Report and Recommendation, Plaintiff's requests should be denied.

2

omitted).

ANALYSIS

It is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability.") (citations omitted). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Thus, supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Moreover, "[f]or purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). The Supreme Court has held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom, or practice of that local government entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).

*Cruel and Unusual Punishment and Retaliation*

Plaintiff alleges a claim against Byron Breland for cruel and unusual punishment in

3

violation of the Eighth Amendment. Specifically, he claims that on May 1, 2011, Officer Breland shut the gates while Plaintiff was walking to the dining hall and would not let him in to eat lunch. He claims it is an ongoing custom and practice for Breland and other officers to deny meals to inmates at SMCI.

The Eighth Amendment's prohibition against cruel and unusual punishment requires "that prisoners be afforded 'humane conditions of confinement' and prison officials are to ensure that inmates receive adequate food, shelter, clothing, and medical care." *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). Prisoners must be provided "well-balanced meal[s], containing sufficient nutritional value to preserve health." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (internal citations and quotations omitted). However, "[t]he deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" *Berry*, 192 F.3d at 507 (quoting *Talib v. Gilley*, 138 F.3d 211, 214, n.3 (5th Cir. 1998)). "Whether the deprivation of food falls below this threshold depends on the amount and duration of the deprivation." *Id.*

As set forth above, Plaintiff claims that Officer Breland denied him lunch on May 1, 2011. While he claims it is an ongoing custom and practice for Breland and other officers to deny inmates' meals at SMCI, Plaintiff pointed to no other specific instances where he was denied a meal by Breland. In his affidavit, Officer Breland admits that he closed the gate and denied Plaintiff access to the dining hall on May 1, 2011, because he was stalling. Officer Breland denies refusing Plaintiff a meal on any other occasion and denies that he has a custom or practice of denying other inmates' meals. *See* Ex. A to Motion [34-1].

Based on the foregoing, the court finds that Officer Breland's denial of one meal to Plaintiff does not amount to a constitutional violation. *See Evans v. Sims*, No. 2:11–cv–63–KS–MTP, 2011 WL 1885639, at *2 (S.D. Miss. May 18, 2011) (quoting

4

*Taylor v. Kaylo*, No. 00-31077, 2001 WL 498686, at *2 (5th Cir. Apr. 12, 2001)) ("Clearly, the deprivation of one meal on one occasion, did not deny Plaintiff the 'minimal civilized measure of life's necessities' as required to establish an Eighth Amendment violation."); *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999) (holding that the denial of one meal did not constitute an Eighth Amendment violation).

Plaintiff further claims that Officer Breland issued him two false Rule Violation Reports (RVR No. 1179812 and RVR No. 1179813) in retaliation for Plaintiff telling him he was going to report him for denying his lunch. To prevail on claim of retaliation, Plaintiff must establish "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his . . . exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998); *see also Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). Plaintiff "must allege more than his personal belief that he is the victim of retaliation." *Jones*, 188 F.3d at 325. Mere conclusionary allegations of retaliation are insufficient; Plaintiff must present either direct evidence of retaliatory motivation or "a chronology of events from which retaliatory motivation may be plausibly inferred." *Woods*, 60 F.3d at 1166 (internal citations and quotations omitted). To prove causation, Plaintiff must show that "but for the retaliatory motive the complained of incident . . . would not have occurred." *McDonald*, 132 F.3d at 231 (internal citations and quotations omitted).

Officer Breland's affidavit reflects that he issued Plaintiff an RVR for his behavior and for yelling threats at him when he closed the gates to the dining hall. *See* Ex. A to Motion [34-1]; *see also* Exs. B and C to Motion [34]. He states that he never issued Plaintiff an unwarranted RVR in order to retaliate against him. *See* Ex. A to Motion [34-1].

Plaintiff has failed to allege more than a personal belief that Officer Breland issued the RVRs at issue in retaliation for Plaintiff telling him he was going to report him for denying his

5

lunch. Thus, Officer Breland is entitled to judgment as a matter of law. *See Jones*, 188 F.3d 325.

*Due Process Violations*

Plaintiff alleges claims against Debra Platt, David Petrie, and Ron King for due process violations. Specifically, he claims Lt. Platt was the hearing officer for his RVR No. 1179812, and denied his request to call witnesses and to postpone the hearing pending an investigation. She claims she did not receive his letter requesting an investigation. Lt. Platt found him guilty of RVR No. 1179812 and as a result, certain privileges were taken away. The other RVR, No. 1179813, was dismissed. He claims that Lt. Platt violated several MDOC policies and procedures during the hearing.

Plaintiff appealed the guilty finding through the Administrative Remedy Program (ARP) and Lt. Platt was the first-step responder, which Plaintiff claims is a violation of MDOC policy. He claims that David Petrie, as the Legal Claims Adjudicator for the ARP, violated MDOC policy and his due process rights by assigning Lt. Platt, the hearing officer, as the first-step responder.

Ron King was the second-step responder for Plaintiff's ARP grievance and denied him relief. He claims King is responsible for the ARP and failed to correct the constitutional violations alleged in his ARP grievance referenced above.

The record reflects that Plaintiff was issued RVR No. 1179812 on May 1, 2011, for yelling at and threatening Officer Breland in violation of Rule C-11. As noted on the RVR, Plaintiff stated that he did want to request witnesses, but he did not know their names. After the hearing, Plaintiff was found guilty and all his privileges were restricted for two months. The hearing officer also recommended a custody review. *See* Ex. C to Motion [34-3]. Plaintiff testified at his omnibus hearing that the other RVR, No. 1179813 (for inciting a riot), was

6

dismissed.

Liberty interests protected by the Due Process Clause "will be generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Plaintiff has failed to allege a restraint which imposed an atypical and significant hardship in relation to the ordinary incidents of prison life. The record reflects that Plaintiff was denied certain privileges for approximately two months. Plaintiff has no right to facility privileges. *See Nathan v. Hancock*, 477 Fed. App'x 197, No. 11–60811, 2012 WL 1758573, at *1 (5th Cir. May 17, 2012) (citations omitted) ("Likewise, a prisoner's change in custody status, including his placement in disciplinary segregation or lock-down; the loss of recreation and commissary privileges; and the imposition of cell restrictions, does not implicate a liberty interest because those punishments do not represent 'the type of atypical, significant deprivation in which a State might conceivably create a liberty interest' "); *Williams v. Geo Group, Inc.*, No. 4:08cv67–HTW –LRA, 2008 WL 2724889, at *1 (S.D. Miss. July 10, 2008) ("The classification of Plaintiff in a certain level of custody and the loss of prison privileges are not an 'atypical and significant hardship' of prison life.").

In his Response [47] and accompanying exhibits, Plaintiff states that inmate Charles Nance was a witness to the May 1, 2011, incident, and that had Lt. Platt postponed the disciplinary hearing and conducted an investigation as requested by Plaintiff, he could have called Mr. Nance and Lt. Platt would have learned that the RVRs were false and fabricated by Officer Breland. Plaintiff asks the court for a continuance to allow him to procure an affidavit from Mr. Nance.³ *See* Response [47-1] at 3. Plaintiff attaches a letter from Charles Nance dated

---

³Plaintiff also asks for a continuance to conduct additional discovery. This request is denied. Plaintiff was allowed adequate and reasonable discovery in this matter. *See* Omnibus

7

May 1, 2011, stating that Plaintiff did tell Officer Breland he was "going to write him up and put him in check", but that he never made a threat to Breland or incited a riot. Mr. Nance states that the whole incident was fabricated by Officer Breland. *See* Ex. C1 to Response [47-9]. Even assuming Mr. Nance's letter were in the form of an affidavit, the court's conclusion would not change. Thus, a continuance is unnecessary.

Likewise, Plaintiff's claims that Lt. Platt violated several MDOC policies and procedures during the disciplinary hearing, and that all Defendants violated MDOC policies and procedures during the ARP process do not violate the Constitution. *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (holding that the mere failure of a prison official to follow the prison's own regulation or policy does not amount to a constitutional violation)*; McGowan v. Peel*, No. 3:06cv659-DPJ-JCS, 2007 WL 710154, at *1-*2 (S.D. Miss. March 6, 2007) (internal citations and quotations omitted) (dismissing plaintiff's complaint pursuant to 28 U.S.C. § 1915, where plaintiff claimed that he was innocent of the charges in the RVR, his disciplinary hearing was delayed, and that the report reflected the incorrect date and time that he received a copy of the report; the court stated that a "prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met"); *Hoye v. Nelson*, No. 4:07CV044-M-B, 2007 WL 1321964, at *1 (May 3, 2007) (dismissing plaintiff's claim regarding a "false RVR" *sua sponte,* reasoning that plaintiff's allegation did not constitute a constitutional violation).

Additionally, Plaintiff's claim that Ronald King failed to adequately investigate his grievance and grant him relief during the second step of the ARP fails to state a claim upon

---

Order [25]; Order [44] Granting Plaintiff's Motion to Compel.

which relief may be granted. *See Dehghani v. Vogelgesang*, 226 Fed. App'x 404, 406 (5th Cir. 2007) (holding that plaintiff's allegation that warden failed to adequately investigate his grievance did not amount to a constitutional violation); *Charles v. Nance*, 186 Fed. App'x 494, 495 (5th Cir. 2006); *Woodland v. City of Vicksburg*, No. 5:05cv85-DCB-JCS, 2006 WL 3375256, at *3 (S.D. Miss. Nov. 21, 2006) (stating that claim for "failure to investigate" did not amount to a constitutional violation); *see also Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005); *Jones v. Shabazz*, No. H-06-1119, 2007 WL 2873042, at *21 (E.D. Tex. Sept. 28, 2007) (holding that inmates do not have a constitutional right to a grievance procedure, and have no due process liberty interest right to having grievances resolved to their satisfaction).

*Qualified Immunity*

Although Defendants have raised the defense of qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant is entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1993) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)); *see also Sappington v. Bartee,* 195 F.3d 234, 236 (5th Cir. 1999). Because the court finds that the Plaintiff's claims are not cognizable as constitutional claims, it declines to address the issue of whether the Defendants are entitled to qualified immunity. *Wells*, 45 F.3d at 93.

RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Defendants' Motion for Summary Judgment [34] be granted and that Plaintiff's claims be dismissed with prejudice. The undersigned further recommends that Plaintiff's Motion to Compel [51] be denied as moot.

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 6th day of February, 2013.

                                              s/ Michael T. Parker
                                              United States Magistrate Judge