IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

STANLEY KELVIN COLEMAN

VS.                                         CIVIL ACTION NO. 2:11cv233-KS-MTP

DEBRA PLATT, ET AL

## ORDER ADOPTING REPORT AND RECOMMENDATIONS
## DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Petition of Stanley Kelvin Coleman, filed pursuant to 28 U.S.C. 1983 [1], Defendants' Motion for Summary Judgment [34], the Report and Recommendation of the Magistrate Judge [52] and Objections thereto filed by Petitioner Stanley Coleman, and the Court considering same does hereby find as follows, to-wit:

## I. FACTUAL BACKGROUND

Plaintiff Stanley K. Coleman, proceeding *pro se* and *in forma pauperis,* filed his complaint pursuant to 42 U.S.C. § 1983 on or about November 21, 2011. In his complaint and amended complaint, and as clarified by his testimony at the *Spears*[1] hearing, Plaintiff alleges claims against Byron Breland for cruel and unusual punishment and retaliation, and claims against Debra Platt, David Petrie, and Ron King for due process violations. *See* Omnibus Order [25]. Plaintiff's claims occurred while he was a post-conviction inmate at the South Mississippi Correctional Institution ("SMCI"), where he is currently incarcerated. Plaintiff asks that the Rule Violation Reports (RVRs) referenced herein be expunged from his record and seeks compensatory, nominal, and punitive damages.

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

1

Defendants filed their Motion for Summary Judgment [34] on August 15, 2012. Plaintiff filed his Response [47] to the motion on November 1, 2012.[2]

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III. PETITIONER'S OBJECTIONS AND ANALYSIS

Petitioner files a 24 page Objection, together with an affidavit stating his objections to the Report and Recommendations of the Magistrate Judge. The complaint of the Petitioner is that he was denied lunch one day and the reason given by the correctional officer was that he was late and dragging around and the door was closed before Petitioner could get to the door for

---

[2]In his Response [47], Plaintiff seeks a continuance of this matter and seeks leave to conduct additional discovery. For the reasons addressed elsewhere in this Report and Recommendation, Plaintiff's requests should be denied.

lunch. There is no allegation that the Defendant, Corrections Officer Breland, did this to Petitioner any other time. The other portion of the complaint deals with the alleged improprieties in the filing of an RVR by Officer Breeland and the hearing and disposition of the complaint by Hearing Officer Platt and Warden Ron King.

Officer Breland is charged with cruel and unusual punishment and retaliation. And while Petitioner goes through a great deal of case law and addresses some interesting issues, he does not address the issue of missing lunch one time and the way that it is an Eighth Amendment violation. Magistrate Parker cites case law that is directly on point with Petitioner's complaints. *Evans v. Sims*, 2:11cv63-KS-MTP, 2011 WL 1885639, at *2 (S.D. Miss. May 18, 2011) quoting *Taylor v. Kaylo*, No. 00-31077, 2001 WL 498686 at *2 (5th Cir. Apr. 12, 2001). Also see *Palmer v Johnson*, 193 F.3d 346, 352 (5th Cir. 1999). The denial of one meal is simply not a constitutional violation and even if it was an intentional act on the part of Corrections Office Breland, it is not a constitutional violation.

The retaliation claim alleging that Office Breland retaliated against Petitioner because Petitioner filed a complaint against him regarding the lunch issue. The only proof is Breland's affidavit and Petitioner's counter-affidavit wherein Officer Breland states that Petitioner was yelling threats at him when the gate was closed to the dining hall. The Hearing Officer looked at the proof and found that Petitioner failed to allege anything more than a personal belief that Breland issued the RVR in retaliation and, therefore, Breland is entitled to a judgment as a matter of law.

*Due Process Violations*

As Judge Parker stated, "Liberty interests protected by the Due Process Clause 'will be

generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Plaintiff has failed to allege a restraint which imposed an atypical and significant hardship in relation to the ordinary incidents of prison life. The record reflects that Plaintiff was denied certain privileges for approximately two months. Plaintiff no right to facility privileges. *See Nathan v. Hancock*, 477 Fed. App'x 197, No. 11-60811, 2012 WL 178573 at *1 (5th Cir. May 17, 2012)." Petitioner fails to allege and prove an Eighth Amendment violation or a due process violation.

### IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Coleman's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Defendant's Motion for Summary Judgment [34] is **granted and Coleman's complaint is dismissed with prejudice.** Further, Plaintiff's Motion to Compel [51] is **denied as moot.**

SO ORDERED this, the 12th day of March, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE